[Cite as *State v. Breneman*, 2012-Ohio-3632.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 11CA0039 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANN M. BRENEMAN | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. CRB-11-04-00483 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2012

MOORE, Presiding Judge.

{¶1} Defendant, Ann Breneman, appeals from the judgment of the Wayne County Municipal Court. We affirm.

I.

{¶2} On March 9, 2011, Bryyton Love contacted police officers alleging that Breneman had assaulted his girlfriend, Angela Nicholas. Breneman was charged with assault in violation of R.C. 2903.13. Breneman was also charged with petty theft in violation of R.C. 2913.02(A)(2) for allegedly stealing a can of beer from a store on the same date. Breneman pled guilty to the petty theft charge, and, after a bench trial, the court found her guilty of the assault charge. The trial court sentenced her to thirty days of incarceration on each charge, to be served consecutively. Breneman appealed from the sentencing entry and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

[]BRENEMAN'S CONVICTION OF ASS[AU]LT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} In her sole assignment of error, Breneman argues that her conviction for assault is against the manifest weight of the evidence. We disagree.

{¶4} When a defendant asserts that her conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Here, Breneman was convicted of assault in violation of R.C. 2903.13(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to another * * *."

{¶5} At trial, Love, Nicholas and Sargent Howard Funk testified for the State. Love testified that on March 9, 2011, he and Nicholas were at home. Just after midnight, while Nicholas was sleeping on the couch, Breneman, her brother, and her boyfriend, Kyle Bolen, arrived at the apartment intoxicated and carrying beer bottles. Love was aware that a friend of his owed money to Bolen for drugs, which Love had agreed to pay. When they entered the apartment, Bolen said that he was going to take their television. Love thought they were joking, and he began to look for $40 to pay his friend's debt. While he was looking for the correct change, Breneman approached Nicholas, and told her several times not to look at her brother and then hit her in the head with a beer bottle. Breneman dropped the bottle and then began striking Nicholas with her hands. Love asked Bolen to intervene, and he said that he could not. Love

then approached Breneman, and was threatened to back away by her brother. When the tussle ended, and the women were "locked up," Love and Bolen left to go to a store to get correct change to pay the debt, and Breneman and her brother stayed in the apartment. After leaving the apartment, Love called the police and reported the assault. He then called the individuals at the apartment to tell them that the police were coming. When Love and Bolen returned to the apartment, Breneman and her brother had already left.

{¶6} Nicholas testified that, on the night at issue, she was asleep on her couch and was awakened by knocking at the door. She saw Breneman, Bolen, and another male enter the apartment. Nicholas heard Breneman screaming about money and threatening to take Nicholas' television. While she was lying on the couch, Nicholas heard Breneman tell her not to look at her brother. Nicholas tried to go back to sleep, but Breneman suddenly attacked her, causing a sharp pain in her head. After a brief struggle, they reached a stalemate. Love and Bolen then left the apartment to go to a store to get money. As a result of the attack, Nicholas suffered an injury to her head which required medical attention.

{¶7} Sergeant Howard Funk of the Orrville Police Department testified that he was dispatched to Nicholas' apartment in response to a report made by Love. When he arrived, Nicholas emerged from the apartment, appearing disheveled and overwrought. She told the officer that individuals who were in her apartment had fled out the back door. Unable to locate the suspects, the officer returned to speak with Nicholas. While outside, she pointed out a car that was pulling into the parking lot that she claimed belonged to one of the individuals who was in her apartment. Another officer blocked the car, and Sergeant Funk went inside the apartment with Nicholas. There were beer bottles on the floor of the living room, although neither Nicholas

nor Love appeared intoxicated. Nicholas parted her hair, and the sergeant observed that Nicholas was bleeding from her head.

{¶8} Bolen testified for the defense. On the night at issue, Love called Bolen and asked Bolen to take him to the gas station. Bolen arrived alone at Nicholas' apartment to pick up Love, who was waiting for him outside. They went to the gas station, and Love was unusually quiet. Bolen observed Love speaking on his cell phone while he was at the cashier's counter in the gas station. When Bolen returned Love to his apartment, Love quickly exited the car and ran toward the apartment building. Bolen was then stopped by an officer. Bolen maintained that he went alone to Nicholas' apartment that night, that he never entered the apartment, and that no one owed him any money.

{¶9} On appeal, Breneman argues that the testimony of Love and Nicholas was not credible. In support, she argues that their testimony as to the events of March 9, 2011 was unbelievable, biased and in contradiction to the testimony of Bolen. However, this Court is mindful that "[e]valuating the evidence and assessing credibility are primarily for the trier of fact." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994), citing *Ostendorf-Morris Co. v. Slyman*, 6 Ohio App.3d 46, 47 (8th Dist.1982) and *Crull v. Maple Park Body Shop,* 36 Ohio App.3d 153, 154 (12th Dist.1987). This is because the trier of fact "is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 9th Dist. No. 21185, 2003-Ohio-727, ¶ 30 quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist.1993). Further, although the testimony of the witnesses on behalf of the State and the defense present conflicting versions of events, "[a] conviction is not against the manifest weight because the jury

chose to credit the State's version of events." *State v. Peasley*, 9th Dist. No. 25062, 2010-Ohio-4333, ¶ 18.

**{¶10}** After reviewing the entire record, weighing the inferences and examining the credibility of witnesses, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice in finding Breneman guilty of assault.

III.

**{¶11}** Accordingly, Breneman's sole assignment of error is overruled, and the judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BAIRD, J.
CONCUR.

(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)


APPEARANCES:

MICHAEL J. ASH, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, for Appellee.